JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Edward Reynolds, Jr., Lenise Sutton and Lawrence Peterkin

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

William J. Coppol, Mattiacci Law, LLC, 1500 JFK Blvd., Suite 620, Philadelphia, PA 19102, Tel: 215-914-6919

## DEFENDANTS

Meijah E. Brown, Karim S. Brown, and United States Postal Service

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☒ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1391(a)(2)

Brief description of cause:
motor vehicle accident

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 1/7/2022 | /s/ William J. Coppol |

## FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 533 W. Astor Street, Norristown, PA 19401 _____

Address of Defendant: _____ 2820 Jackson Street, Philadelphia, PA  19145 _____

Place of Accident, Incident or Transaction: _____ Henry & Roxborough Avenues, Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☑
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☐   No ☑
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☑
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☑
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                              *Must sign here*
                              Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

---

**CIVIL: (Place a √ in one category only)**

**A.**   **Federal Question Cases:**

☐   1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐   2.   FELA
☐   3.   Jones Act-Personal Injury
☐   4.   Antitrust
☐   5.   Patent
☐   6.   Labor-Management Relations
☐   7.   Civil Rights
☐   8.   Habeas Corpus
☐   9.   Securities Act(s) Cases
☐   10.  Social Security Review Cases
☐   11.  All other Federal Question Cases
         *(Please specify):* _____

**B.**   **Diversity Jurisdiction Cases:**

☐   1.   Insurance Contract and Other Contracts
☐   2.   Airplane Personal Injury
☐   3.   Assault, Defamation
☐   4.   Marine Personal Injury
☑   5.   Motor Vehicle Personal Injury
☐   6.   Other Personal Injury *(Please specify):* _____
☐   7.   Products Liability
☐   8.   Products Liability – Asbestos
☐   9.   All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ William J. Coppol _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
     exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____ 01/07/2022 _____   /s/ William J. Coppol _____   84666 _____
                                    Attorney-at-Law / Pro Se Plaintiff          Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Edward Reynolds, Jr., et al | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Meijah E. Brown, et al | : | NO. 2:22-cv-73 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　　　(X)

| 1/7/2022 | William J. Coppol | /s/ William J. Coppol |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiffs |
| 215-914-6919 | 215-914-6958 | wjc@jminjurylawyer.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD REYNOLDS, JR.** | : | |
| 533 W. Astor Street | : | |
| Norristown, PA 19401 | : | |
|     and | : | |
| **LENISE SUTTON** | : | Civil Action Number:   2:22-cv-73 |
| 250 E. Johnson Street, Apt. C-2 | : | |
| Philadelphia, PA 19144 | : | |
|     and | : | |
| **LAWRENCE PETERKIN** | : | |
| 250 E. Johnson Street, Apt. C-2 | : | |
| Philadelphia, PA 19144 | : | |
|                     *Plaintiffs* | : | |
| | : | |
|    v. | : | |
| | : | Jury Trial Demanded |
| **MEIJAH E. BROWN** | : | |
| 2820 Jackson Street | : | |
| Philadelphia, PA 19145 | : | |
|     and | : | |
| **KARIM S. BROWN** | : | |
| 1024 Van Kirk Street | : | |
| Philadelphia, PA 19149 | : | |
|     and | : | |
| **UNITED STATES POSTAL SERVICE** | : | |
| c/o United States Attorney's Office | : | |
| 615 Chestnut Street, Suite 1250 | : | |
| Philadelphia, PA 19106 | : | |
|                     *Defendants* | : | |

## COMPLAINT - CIVIL ACTION
### Motor Vehicle Accident for Federal Court

Plaintiffs, Edward Reynolds, Jr., Lenise Sutton and Lawrence Peterkin, by and

through their attorneys, William J. Coppol, Esquire, and John A. Mattiacci, Jr., Esquire, of

Mattiacci Law, LLC, claim of defendants, Meijah E. Brown, Karim S. Brown and the United

States Postal Service, sums of monetary damages in excess of Seventy-Five Thousand Dollars

($75,000.00), upon causes of action whereof the following are true statements:

**INTRODUCTION**

1.      On or about May 16, 2020, at approximately 11:35 a.m., Plaintiffs, Edward Reynolds, Jr., Lenis Sutton and Lawrence Peterkin, were seriously injured while driving at or near Henry Avenue and Roxborough Avenue, in the City and County of Philadelphia, Pennsylvania.  Plaintiffs were crossing the intersection at or near Henry Avenue and Roxborough Avenue, with the right-of-way, when Plaintiffs' vehicle was struck by a vehicle being operated by Defendant, Meijah E. Brown, and was owned by Defendant, Karim S. Brown.

2.      Defendant, Meijah E. Brown, at all times relevant hereto, was an employee of the United States Postal Office and acting within the scope of her employer.  This crash caused Plaintiffs to sustain severe, permanent and debilitating personal injuries described hereinafter at length.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the amount in controversy is well in excess of $75,000.00 and complete diversity of jurisdiction exits between the parties.

4.      Pursuant to 28 U.S.C. 1391(a)(2), venue is proper in the Eastern District of Pennsylvania because a substantial part of the acts giving rise to Plaintiffs' claims occurred in this District.

**PARTIES**

5.      Plaintiff, Edward Reynolds, Jr. (hereinafter, "Plaintiff Reynolds"), is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

6.     Plaintiff, Lenise Sutton (hereinafter, "Plaintiff Sutton"), is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

7.     Plaintiff, Lawrence Peterkin (hereinafter, "Plaintiff Peterkin"), is a citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

8.     Defendant, Meijah E. Brown, is citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

9.     Defendant, Karim S. Brown, is citizen and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

10.     Defendant, United States Postal Service (hereinafter, "USPS"), is a federal agency.

11.     At all times material hereto, the case or controversy arose out of a motor vehicle crash that occurred on or about Saturday, May 16, 2020, at approximately 11:35 a.m., at or near Henry Avenue and Roxborough Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

12.     On or about May 16, 2020, Plaintiff Reynolds was the owner and operator of a motor vehicle, with Lenise Sutton and Lawrence Peterkin as passengers, at or near Henry Avenue and Roxborough Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania.

13.     At the same day and time, Defendant, Meijah E. Brown, was the operator of a motor vehicle at or near Henry Avenue and Roxborough Avenue, in the City and County of Philadelphia, in the Commonwealth of Pennsylvania, owned by Defendant, Karim S. Brown.

14.     At all times relevant hereto, Defendant Meijah E. Brown was an employee of Defendant USPS.

15.     At all times relevant hereto, Defendant USPS, acted by and through its owners, members, employees and/or agents acting within the course and scope of their respective authority or employment or agency.

16.     At all times relevant hereto, defendants acted individually and/or by and through their duly authorized agents, servants, workmen, contractors and/or employees, acting within the scope and course of their employment of their respective authority or employment or agency.

17.     Suddenly and without warning, Defendant, Meijah E. Brown negligently and carelessly operated the respective motor vehicle in such a manner as to cause a crash.

18.     As a result of this crash, Plaintiffs suffered severe, permanent and debilitating personal injuries as more fully set forth below.

## COUNT I - PERSONAL INJURY
## EDWARD REYNOLDS, JR. v. MEIJAH E. BROWN

19.     Plaintiffs incorporate herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth herein at length.

20.     The negligence and carelessness of defendant consisted of the following:

a.      Operating a motor vehicle in a negligent and careless manner without regard for the rights or safety of plaintiff(s) or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of plaintiff(s) and to take such action as was necessary to prevent causing a collision;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured, clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.      Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.      Failing to give plaintiffs meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiffs;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Causing a collision;

n.      Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiffs, even though defendant was aware, or should have been aware of plaintiffs' presence and the threat of harm posed to plaintiffs;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public roadway;

q.      Operating a motor vehicle and other devicse at the same time and in total disregard for the safety of the plaintiffs and others in direct violations of the laws of the Commonwealth of Pennsylvania; and

r.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles including but not limited to, violating the following sections of Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

21.     As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Reynolds suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: a complete thickness tear of the infraspinatus tendon with retraction of tendon fibres, acute post-traumatic shoulder sprain and strain of the left shoulder, anterior supraspinatus tendinosis with a tear of the posterior fibres, subcoracoid, subacromial and subdeltoid bursitis with glenohumeral joint effusion, bicep tenosynovitis, decreased range of motion, head injuries, and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

22.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

23.     As an additional result of the negligence and carelessness of defendant, plaintiff has suffered emotional injuries, along the with physical injuries suffered.

24.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

25.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to physical therapy, injections, medications, and other medical care and treatment.

**WHEREFORE**, Plaintiff, Edward Reynolds, Jr., requests that this Honorable Court enter judgment in his favor and against Defendant, Meijah E. Brown.

## COUNT II- PERSONAL INJURY
## LENISE SUTTON v. MEIJAH E. BROWN

26.     Plaintiffs incorporate herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

27.     The negligence and carelessness of defendant consisted of the following:

a.     Operating a motor vehicle in a negligent and careless manner without regard for the rights or safety of plaintiff(s) or others;

b.     Failing to have said vehicle under proper and adequate control;

c.     Failing to observe the position of plaintiff(s) and to take such action as was necessary to prevent causing a collision;

d.     Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured, clear distance;

e.     Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.     Being inattentive to defendant's duties as an operator of a motor vehicle;

g.     Disregarding traffic lanes, patterns and other devices;

h.  Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.  Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.  Failing to give plaintiffs meaningful warning signs concerning the impending incident;

k.  Failing to exercise ordinary care to avoid injuring plaintiffs;

l.  Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.  Causing a collision;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiffs, even though defendant was aware, or should have been aware of plaintiffs' presence and the threat of harm posed to plaintiffs;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public roadway;

q.  Operating a motor vehicle and other devise at the same time and in total disregard for the safety of the plaintiffs and others in direct violations of the laws of the Commonwealth of Pennsylvania; and

r.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles including but not limited to, violating the following sections of Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

28.     As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Sutton suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head injuries, neck injuries, low back injuries, including but not limited to, L3-L4 disc bulge indenting the ventral thecal sac, L4-5 disc bulge indenting the ventral thecal sac and L5-S1 disc bulge indenting the ventral thecal sac, musculoskeletal pain, lacerations and abrasions and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

29.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

30.     As an additional result of the negligence and carelessness of defendant, plaintiff has suffered emotional injuries, along the with physical injuries suffered.

31.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

32.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to physical therapy, injections, medications, and other medical treatments.

**WHEREFORE**, Plaintiff, Edward Reynolds, Jr., requests that this Honorable Court enter judgment in his favor and against Defendant, Meijah E. Brown.

### COUNT III - PERSONAL INJURY
### LAWRENCE PETERKIN v. MEIJAH E. BROWN

33.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

34.     The negligence and carelessness of defendant consisted of the following:

a.      Operating a motor vehicle in a negligent and careless manner without regard for the rights or safety of plaintiff(s) or others;

b.      Failing to have said vehicle under proper and adequate control;

c.      Failing to observe the position of plaintiff(s) and to take such action as was necessary to prevent causing a collision;

d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured, clear distance;

e.      Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

g.      Disregarding traffic lanes, patterns and other devices;

h.      Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.      Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.      Failing to give plaintiffs meaningful warning signs concerning the impending incident;

k.      Failing to exercise ordinary care to avoid injuring plaintiffs;

l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.      Causing a collision;

n.      Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiffs, even though defendant was aware, or should have been aware of plaintiffs' presence and the threat of harm posed to plaintiffs;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public roadway;

q.      Operating a motor vehicle and other devise at the same time and in total disregard for the safety of the plaintiffs and others in direct violations of the laws of the Commonwealth of Pennsylvania; and

r.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles including but not limited to, violating the following sections of Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

35.     As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Peterkin suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: acute displaced comminuted intra-trochanteric fracture of the left femur/hip and pelvis with orthopedic surgery for open reduction and cephalon-medullary nail fixation of the left trans-trochanteric femur fracture, multiple bilateral fractures of the ribs, abrasions, and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

36.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

37.     As an additional result of the negligence and carelessness of defendant, plaintiff has suffered emotional injuries, along the with physical injuries suffered.

38.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

39.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to physical therapy, injections, medications, and other medical treatments.

**WHEREFORE**, Plaintiff, Lawrence Peterkin, requests that this Honorable Court enter judgment in his favor and against Defendant, Meijah E. Brown.

**COUNT IV- NEGLIGENT ENTRUSTMENT**
**EDWARD REYNOLDS, JR. v. KARIM S. BROWN**

40.    Plaintiff incorporates herein the allegations, set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

41.    Defendant, Karim S. Brown, was negligent and careless in:

a.    Negligently and carelessly entrusting, allowing and/or permitting defendant, Meijah E. Brown, to operate defendant's vehicle even though defendant knew or should have known that defendant, Meijah E. Brown, intended to or was likely to use the aforementioned vehicle in such a way that would harm another;

b.    Negligently and carelessly entrusting a vehicle to someone who defendant knew or should have known would drive while distracted;

c.    Entrusting a vehicle to someone who would fail to observe other vehicles;

d.    Entrusting a motor vehicle to an irresponsible person;

e.    Entrusting a vehicle to someone who would fail to stop the vehicle before striking plaintiff's vehicle;

f.    Entrusting a vehicle to someone who would fail to maintain proper and safe control of the vehicle;

g.    Entrusting a vehicle to someone who would fail to observe vehicular conditions then and there existing at the time of this accident;

h.    Entrusting a motor vehicle to defendant driver who would fail to obey traffic signals, controls, signs and warnings then and there existing at the time of this accident;

i.    Entrusting a vehicle to someone who would fail to observe safe driving precautions and procedures under all of the circumstances;

j.    Entrusting a vehicle to someone who defendant knew or should have known that the individual would not follow all traffic laws;

k.    Entrusting a vehicle to a driver who would operate a motor vehicle in violation of the Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

42.     As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Reynolds suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: complete thickness tear of the infraspinatus tendon with retraction of tendon fibres, acute post-traumatic shoulder sprain and strain, anterior supraspinatus tendinosis with a tear of the posterior fibres, subcoracoid, subacromial and subdeltoid bursitis with glenohumeral joint effusion, bicep tenosynovitis, decreased range of motion, head injuries, and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

43.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to therapy, possible surgery, injections, medications, and other medical treatments.

44.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

45.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

**WHEREFORE**, Plaintiff, Edward Reynolds, Jr., requests that this Honorable Court enter judgment in his favor and against Defendant, Karim S. Brown.

## COUNT V- NEGLIGENT ENTRUSTMENT
## LENISE SUTTON v. KARIM S. BROWN

46.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

47.     Defendant, Karim S. Brown, was negligent and careless in:

a.      Negligently and carelessly entrusting, allowing and/or permitting defendant, Meijah E. Brown, to operate defendant's vehicle even though defendant knew or should have known that defendant, Meijah E. Brown, intended to or was likely to use the aforementioned vehicle in such a way that would harm another;

b.      Negligently and carelessly entrusting a vehicle to someone who defendant knew or should have known would drive while distracted;

c.      Entrusting a vehicle to someone who would fail to observe other vehicles;

d.      Entrusting a motor vehicle to an irresponsible person;

e.      Entrusting a vehicle to someone who would fail to stop the vehicle before striking plaintiff's vehicle;

f.      Entrusting a vehicle to someone who would fail to maintain proper and safe control of the vehicle;

g.  Entrusting a vehicle to someone who would fail to observe vehicular conditions then and there existing at the time of this accident;

h.  Entrusting a motor vehicle to defendant driver who would fail to obey traffic signals, controls, signs and warnings then and there existing at the time of this accident;

i.  Entrusting a vehicle to someone who would fail to observe safe driving precautions and procedures under all of the circumstances;

j.  Entrusting a vehicle to someone who defendant knew or should have known that the individual would not follow all traffic laws;

k.  Entrusting a vehicle to a driver who would operate a motor vehicle in violation of the Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

48.     As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Sutton suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head injuries, neck injuries, low back injuries, including but not limited to, L3-L4 disc bulge indenting the ventral thecal sac, L4-5 disc bulge indenting the ventral thecal sac and L5-S1 disc bulge indenting the ventral thecal sac, musculoskeletal pain, lacerations and abrasions and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent

injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

49.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to therapy, possible surgery, injections, medications, and other medical treatments.

50.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

51.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

**WHEREFORE**, Plaintiff, Lenise Sutton, requests that this Honorable Court enter judgment in her favor and against Defendant, Karim S. Brown.

## COUNT VI- NEGLIGENT ENTRUSTMENT
## LAWRENCE PETERKIN v. KARIM S. BROWN

52.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

53.     Defendant, Karim S. Brown, was negligent and careless in:

   a.     Negligently and carelessly entrusting, allowing and/or permitting defendant, Meijah E. Brown, to operate defendant's vehicle even though defendant knew or should have known that defendant, Meijah E. Brown, intended to or was likely to use the aforementioned vehicle in such a way that would harm another;

b.  Negligently and carelessly entrusting a vehicle to someone who defendant knew or should have known would drive while distracted;

c.  Entrusting a vehicle to someone who would fail to observe other vehicles;

d.  Entrusting a motor vehicle to an irresponsible person;

e.  Entrusting a vehicle to someone who would fail to stop the vehicle before striking plaintiff's vehicle;

f.  Entrusting a vehicle to someone who would fail to maintain proper and safe control of the vehicle;

g.  Entrusting a vehicle to someone who would fail to observe vehicular conditions then and there existing at the time of this accident;

h.  Entrusting a motor vehicle to defendant driver who would fail to obey traffic signals, controls, signs and warnings then and there existing at the time of this accident;

i.  Entrusting a vehicle to someone who would fail to observe safe driving precautions and procedures under all of the circumstances;

j.  Entrusting a vehicle to someone who defendant knew or should have known that the individual would not follow all traffic laws;

k.  Entrusting a vehicle to a driver who would operate a motor vehicle in violation of the Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

   § 3111. Obedience to traffic-control devices;

   § 3112. Traffic-control signals;

   § 3321. Vehicle approaching or entering intersection;

   § 3322. Vehicle turning left;

   § 3324. Vehicle entering or crossing roadway;

   § 3331. Required position and method of turning;

   § 3334. Turning movements and required signals; and

   § 3361. Driving vehicle at a safe speed.

54. As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Peterkin suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: acute displaced comminuted intra-trochanteric fracture of the left femur and pelvis with orthopedic surgery for open reduction and cephalon-medullary nail fixation of the left trans-trochanteric femur fracture, multiple bilateral fractures of the ribs, abrasions, and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

55. Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to therapy, possible surgery, injections, medications, and other medical treatments.

56. As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness, and agony and will continue to suffer for an indefinite time into the future.

57. As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

**WHEREFORE**, Plaintiff, Lawrence Peterkin requests that this Honorable Court enter judgment in her favor and against Defendant, Karim S. Brown.

## COUNT VII - PERSONAL INJURY
## EDWARD REYNOLDS, JR. v. UNITED STATES POSTAL SERVICE

58.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

59.     Defendant, United States Postal Service, individually and/or by and through its respective agents, servants, workmen, contractors, subcontractors and/or employees, was negligent and careless in permitting defendant/USPS employee, Meijah E. Brown by:

      a.      Operating a motor vehicle in a negligent and careless manner without regard for the rights or safety of plaintiffs or others;

      b.      Failing to have said vehicle under proper and adequate control;

      c.      Failing to observe the position of plaintiffs and to take such action as was necessary to prevent causing a collision;

      d.      Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured, clear distance;

      e.      Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

      f.      Being inattentive to defendant's duties as an operator of a motor vehicle;

      g.      Disregarding traffic lanes, patterns and other devices;

      h.      Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

      i.      Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

      j.      Failing to give plaintiff meaningful warning signs concerning the impending incident;

      k.      Failing to exercise ordinary care to avoid injuring plaintiff;

      l.      Failing to be highly vigilant and maintain sufficient control of said vehicle;

      m.      Causing a collision;

n.  Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiffs;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public roadway;

q.  Operating a motor vehicle and other devise at the same time and in total disregard for the safety of the plaintiff and others in direct violations of the laws of the Commonwealth of Pennsylvania; and

r.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles including but not limited to, violating the following sections of Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

60.  As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Reynolds suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: complete thickness tear of the infraspinatus tendon with retraction of tendon fibres, acute post-traumatic shoulder sprain

and strain, anterior supraspinatus tendinosis with a tear of the posterior fibres, subcoracoid, subacromial and subdeltoid bursitis with glenohumeral joint effusion, bicep tenosynovitis, decreased range of motion, head injuries, and other physical injuries, some or all of which are serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

61.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

62.     As an additional result of the negligence and carelessness of defendant, plaintiff has suffered emotional injuries, along the with physical injuries suffered.

63.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

64.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to physical therapy, injections, medications, and other medical treatments.

**WHEREFORE**, Plaintiff, Edward Reyonlds, Jr., requests that this Honorable Court enter judgment in his favor and against Defendant, United States Postal Service.

## COUNT VIII- PERSONAL INJURY
## LENISE SUTTON v. UNITED STATES POSTAL SERVICE

65. Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

66. Defendant, United States Postal Service, individually and/or by and through its respective agents, servants, workmen, contractors, subcontractors and/or employees, was negligent and careless in permitting defendant/USPS employee, Meijah E. Brown by:

a.    Operating a motor vehicle in a negligent and careless manner without regard for the rights or safety of plaintiffs or others;

b.    Failing to have said vehicle under proper and adequate control;

c.    Failing to observe the position of plaintiffs and to take such action as was necessary to prevent causing a collision;

d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured, clear distance;

e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

g.    Disregarding traffic lanes, patterns and other devices;

h.    Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

i.    Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

j.    Failing to give plaintiff meaningful warning signs concerning the impending incident;

k.    Failing to exercise ordinary care to avoid injuring plaintiff;

l.    Failing to be highly vigilant and maintain sufficient control of said vehicle;

m.    Causing a collision;

n.      Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiffs;

o.      Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.      Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public roadway;

q.      Operating a motor vehicle and other devise at the same time and in total disregard for the safety of the plaintiff and others in direct violations of the laws of the Commonwealth of Pennsylvania; and

r.      Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles including but not limited to, violating the following sections of Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

67.     As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Sutton suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: head injuries, neck injuries, low back injuries, including but not limited to, L3-L4 disc bulge indenting the ventral thecal sac,

L4-5 disc bulge indenting the ventral thecal sac and L5-S1 disc bulge indenting the ventral thecal

sac, musculoskeletal pain, lacerations and abrasions and other physical injuries, some or all of

which are serious and permanent in nature and some or all of which are serious, permanent

injuries that have not healed to function normally and will not heal to function normally with

further medical treatment.

68.     As a result of these injuries, some or all of which are permanent in nature and all

of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently

and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer

for an indefinite time into the future.

69.     As an additional result of the negligence and carelessness of defendant, plaintiff

has suffered emotional injuries, along the with physical injuries suffered.

70.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently,

and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's

further loss and detriment.

71.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff,

plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses

and may in the future require additional treatment including but not limited to physical therapy,

injections, medications, and other medical treatments.

**WHEREFORE**, Plaintiff, Lenise Sutton, requests that this Honorable Court enter

judgment in her favor and against Defendant, United States Postal Service.

### COUNT IX - PERSONAL INJURY
### LAWRENCE PETERKIN v. UNITED STATES POSTAL SERVICE

72.     Plaintiff incorporates herein the allegations set forth in the aforementioned

paragraphs, inclusive, as if set forth here at length.

73.    Defendant, United States Postal Service, individually and/or by and through its respective agents, servants, workmen, contractors, subcontractors and/or employees, was negligent and careless in permitting defendant/USPS employee, Meijah E. Brown by:

    a.    Operating a motor vehicle in a negligent and careless manner without regard for the rights or safety of plaintiffs or others;

    b.    Failing to have said vehicle under proper and adequate control;

    c.    Failing to observe the position of plaintiffs and to take such action as was necessary to prevent causing a collision;

    d.    Failing to operate a motor vehicle at a speed which would allow defendant to stop within an assured, clear distance;

    e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

    f.    Being inattentive to defendant's duties as an operator of a motor vehicle;

    g.    Disregarding traffic lanes, patterns and other devices;

    h.    Failing to keep an adequate distance from vehicles in the vicinity of defendant's vehicle;

    i.    Failing to perceive the highly apparent danger to others which the defendant's actions and/or inactions posed;

    j.    Failing to give plaintiff meaningful warning signs concerning the impending incident;

    k.    Failing to exercise ordinary care to avoid injuring plaintiff;

    l.    Failing to be highly vigilant and maintain sufficient control of said vehicle;

    m.    Causing a collision;

    n.    Operating a motor vehicle with disregard for the rights, safety and proximity of plaintiff, even though defendant was aware, or should have been aware of plaintiff's presence and the threat of harm posed to plaintiffs;

o.  Failing to inspect defendant's vehicle or to maintain defendant's vehicle in a safe and non-defective condition;

p.  Allowing a dangerous, unsafe and defective motor vehicle to be operated on a public roadway;

q.  Operating a motor vehicle and other devise at the same time and in total disregard for the safety of the plaintiff and others in direct violations of the laws of the Commonwealth of Pennsylvania; and

r.  Failing to operate a motor vehicle in compliance with the applicable laws and ordinances of the City and County of Philadelphia and the Statutes of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles including but not limited to, violating the following sections of Pennsylvania Motor Vehicle Code (75 Pa. C.S.):

§ 3111. Obedience to traffic-control devices;

§ 3112. Traffic-control signals;

§ 3321. Vehicle approaching or entering intersection;

§ 3322. Vehicle turning left;

§ 3324. Vehicle entering or crossing roadway;

§ 3331. Required position and method of turning;

§ 3334. Turning movements and required signals; and

§ 3361. Driving vehicle at a safe speed.

74.  As a direct and proximate result of the negligence and carelessness of the defendant, as aforesaid, Plaintiff Peterkin suffered severe, permanent and debilitating personal injuries, serious impairment of body functions and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: acute displaced comminuted intra-trochanteric fracture of the left femur and pelvis with orthopedic surgery for open reduction and cephalon-medullary nail fixation of the left trans-trochanteric femur fracture, multiple bilateral fractures of the ribs, abrasions, and other physical injuries, some or all of which are

serious and permanent in nature and some or all of which are serious, permanent injuries that have not healed to function normally and will not heal to function normally with further medical treatment.

75.     As a result of these injuries, some or all of which are permanent in nature and all of which are to plaintiff's great financial detriment and loss, plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

76.     As an additional result of the negligence, carelessness and/or recklessness of defendant, plaintiff has suffered emotional injuries, along the with physical injuries suffered.

77.     As a further result of the plaintiff's injuries, plaintiff has in the past, is presently, and may in the future undergo a great loss of earning and/or earning capacity, all to the plaintiff's further loss and detriment.

78.     Furthermore, in addition to all the injuries and losses suffered by the plaintiff, plaintiff has also incurred or will incur future medical, rehabilitative, and other related expenses and may in the future require additional treatment including but not limited to physical therapy, injections, medications, and other medical treatments.

**WHEREFORE**, Plaintiff, Lawrence Peterkin, requests that this Honorable Court enter judgment in his favor and against Defendant, United States Postal Service.

**COUNT X – PROPERTY DAMAGE**
**EDWARD REYNOLDS, JR. v. ALL DEFENDANTS**

73.     Plaintiff incorporates herein the allegations set forth in the aforementioned paragraphs, inclusive, as if set forth here at length.

74.     At the time of the aforementioned accident, Plaintiff, Edward Reynolds, Jr., was operating his 1999 Plymouth Voyage Sport Van (hereinafter "vehicle").

75. As a result of the aforementioned accident, Plaintiff, Edward Reynolds, Jr.'s vehicle was damaged and deemed totaled.

76. Plaintiff, Edward Reynolds, Jr., has not been compensated for the value of his vehicle.

77. Plaintiff, Edward Reynolds, Jr., is entitled to the fair market value of his vehicle at the time of loss for which defendants are responsible.

**WHEREFORE**, Plaintiff, Edward Reynolds, Jr., requests that this Honorable Court enter judgment in his favor and against All Defendants.

*MATTIACCI LAW, LLC*

By:      /s/ William J. Coppol
William J. Coppol, Esquire
Attorney I.D.: 84666
Email: wjc@jminjurylawyer.com
John A. Mattiacci, Jr., Esquire
Attorney I.D.: 89657
Email: jm@jminjurylawyer.com
1500 John F. Kennedy Boulevard, Suite 620
Philadelphia, PA 19102
Tel: 215-914-6919
Fax: 215-914-6958
Attorneys for Plaintiffs,
Edward Reynolds, Jr., Lenise Sutton &
Lawrence Peterkin